SOLÁ, PLAINTIFF AND APPELLEE, v. SOLÁ, DEFENDANT AND
APPELLANT.

APPEAL from the District Court of Humacao in an Action
for Declaration of Incapacity.

No. 2764.—Decided June 8, 1922.

APPEAL—INCAPACITY.—From a final order in proceedings for declaration of in-
capacity there is no appeal. The remedy of the interested parties under the
law is an ordinary action and an appeal may then be taken from the final
judgment therein.

The facts are stated in the opinion.

*Messrs. F. González* and *J. Vendrell* for the appellant.

*Mr. L. Muñoz Morales* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of
the court.

The appellee has moved for dismissal of the appeal on the
ground that the order involved is not appealable.

Let us examine the facts. María Solá y Grillo petitioned
the District Court of Humacao for a declaration of the inca-
pacity of her grandfather, Celestino Solá Rodríguez, a man
eighty-five years of age. The person alleged to be incapaci-
tated was represented by his attorney and by the district
attorney. Evidence was examined and the court heard the
testimony of four medical experts. The incapacity of Solá
was finally decreed as prayed for, the cause being insanity.

From the statement of the case and the opinion of the dis-
trict court it appears that the proceeding was in accordance
with the following sections of the Civil Code:

"Sec. 250. A tutor shall not be appointed for insane, demented
and deaf and dumb persons, when of age, without a previous decree
of the district court of their domicile that they are incapable of
administering their property.

"Sec. 251. The said decree may be petitioned for by the husband
or wife and relatives of the person presumed to be incapable and who
have the right to succeed him in case he dies intestate.

"Sec. 252. The Public Attorney (*Fiscal*) shall demand such decree:

"1. When the person is a raving maniac.

"2. When none of other (*sic*) persons mentioned in the preceding section are living or when they do not make use of the right therein granted them.

"3. When the husband or wife and the heirs of the person presumed to be incapable are minors or lack the status required to enable them to appear in a suit.

"The proper district court shall, in all such cases, appoint a next friend for the person presumed to be incapable and who does not wish or is unable to defend himself. In other cases, the public attorney (*ministerio fiscal*) shall act as next friend.

"Sec. 253. The district court shall, before decreeing the incapacity of any person, hear the opinion of experts and such other proofs as it may deem necessary.

"Sec. 254. The declaration of incapacity shall be made summarily and through an oral hearing before the district court. That which refers to deaf and dumb persons shall establish the extent and limits of the tutorship in accordance with the degree of incapacity of the said persons.

"Sec. 255. Against the decree terminating the proceedings for incapacity, the interested parties may interpose a suit in the ordinary manner, by means of an oral and public trial."

Does the provisions of the last section trascribed exclude an appeal? Is the decree referred to a final judgment?

The right of appeal is statutory and in determining the cases in which an appeal lies the Code classifies them into three groups. See section 295 of the Code of Civil Procedure. The first group includes final judgments in actions or proceedings begun in a district court; the second, judgments rendered by district courts on appeal, and the third, certain orders which are expressly described.

The decree in this case can not be considered as included in either the second or the third group. Is it included in the first? The statute in this regard speaks of final judgments and in the present case the Legislature has called the order appealed from a decree. And although it is referred to as a

decree "terminating the proceedings for incapacity," this is followed immediately by the provision that "the interested parties may interpose a suit in the ordinary manner, by means of an oral and public trial." That is, that unless the decree is acquiesced in the proceeding *continues in the district court itself* with the guaranties of an ordinary action. That being the case, the decree can not be given the character of a final judgment referred to in the first group.

Hence, construing section 295 in its current meaning, it is necessary to conclude that it does not authorize an appeal in a case like the present; but the appellant alleges that the said section should be construed liberally and that the right of an appeal in this case. should be recognized in accordance with the opinions of Manresa and Scaevola and the jurisprudence of this Supreme Court.

Article 219 of the old Civil Code is the same as section 255 of the revised Civil Code, if we eliminate the reference made in the former to the family council and substitute the words "ordinary suit" by the words "oral and public trial." Referring to the said article 219, the Spanish commentators expressed themselves as follows:

"Article 287 of the proposed Code of 1851 granted an appeal from a judgment of incapacity. Does this remedy lie from the decree of the court of first instance terminating the proceedings? Our opinion is that it does, for although this article says that against such a decree the interested persons may institute an ordinary suit, it does not forbid an appeal, and the general rule should be followed of bringing the ordinary action after the decree has become final. As this proceeding is in its nature *ex parte,* it must be governed by articles 1819 and 1820 of the Law of Civil Procedure until that law is amended in order that it may be in harmony with the Code." 2 Manresa, Spanish Civil Code, 212.

"Appeal from declaration of incapacity.—We call it an appeal because there is no other word which expresses the idea more clearly. Article 219 of the Civil Code provides that against the decree terminating the proceedings for incapacity the interested persons may institute and ordinary suit. Does this right conferred by the Code

upon the incapacitated person exclude the right to assert the ordinary remedies granted by the Law of Civil Procedure, such as, for example, that of an appeal from the decree? In our opinion it does not. In granting the right to bring an ordinary action the Code divests the decree of incapacity of the authority of *res judicata*. It does not give the decree a temporary character, for the decree creates a status which exists while it is acquiesced in; that is, until the ordinary action is brought. Yet we think that a review by cassation does not lie in this case, because the decree of the court being susceptible of modification by the judgment that may be rendered in the ordinary action, the decree has not the final character required by article 1689 of the Law of Civil Procedure.'' 4 Scaevola, Civil Code, 231.

But the appeal that Scaevola and Manresa had in mind was the appeal of single effect authorized by the old Law of Civil Procedure, or an appeal which did not have the effect of staying the execution of the order appealed from. If the present appeal should be sustained the execution of the decree would be immediately stayed, this case not being among the exceptions mentioned in section 298 of the Code of Civil Procedure to the general rule established in section 297 of the same Code.

In order to show what was Manresa's conception of a final order we cite his comments on article 1690 of the old Law of Civil Procedure, as follows:

''It must be observed that in order that the judgment entered in an incident or proceeding may have the quality of final, for the purposes of review by cassation, it must be one that terminates not the incident but the principal action, making impossible the continuation of the action. From the effects that in each case the ruling upon the incident may have it will be possible to determine whether that is the case. Hence, for example, if a complaint is dismissed because the plaintiff is devoid of personality or of right to bring the action, from that ruling by a superior court a review by cassation will lie, because it closes the door to the action; but if the said ruling should be on the ground that the complaint is lacking in some legal requisites necessary for its admission, so that if the

defects are cured the action can be brought again, then the said review does not lie. The same is true concerning rulings on motions to litigate *in forma pauperis* to which we have already referred in commenting on article 30 (vol. 1, p. 112), and in other cases, as may be observed from an examination of the numberless judgments of the Supreme Court on this point, where it has been held also that cassation lies from final judgments to review questions which, although incidental to others, once decided can not be raised again. If the incident should involve any of the defects mentioned in article 1693, from the final judgment in the principal action cassation will lie to review formal defects. And it must be borne in mind also that when an incident originates in a superior court, if the ordinary remedy of petition is not seasonably asserted, then the extraordinary remedy of cassation does not lie, according to established jurisprudence of the Supreme Court.'' 6 Manresa, Law of Civil Procedure, 196.

The jurisprudence of this Supreme Court which has been invoked does not favor the apellant. The cases cited are *Alsina and Morales* v. *Matos,* 15 P. R. R. 170; *American Railroad Co.* v. *Municipal Court,* 16 P. R. R. 227; *Pérez* v. *Succession of Collado,* 19 P. R. R. 399; *García* v. *Humacao Fruit Co.,* 23 P. R. R. 230; *Sucs. of Abarca & Co., Ltd.* v. *Vannina Central,* 23 P. R. R. 526, 529; *Labarthe et al* v. *Neuman* 23 P. R. R. 640, 644.

In the *Alsina Case, supra,* the court, by Mr. Justice Figueras, said:

''There is no doubt that the decision of the district court * * * is appealable to this Supreme Court because from its nature it is of a final character inasmuch as dismissing the appeal which had been taken in the municipal court of Ponce, *eo instanti,* it put an end to the proceedings instituted. It is fully included, therefore, under the provisions of subdivision one of section 295 of the Code of Civil Procedure * * *.'' 15 P. R. R. 172.

In the *American Railroad Co. Case, supra,* the court, by Mr. Justice Del Toro, held that:

''A writ of *certiorari* is a special proceeding and when it originates in, and is decided by, a district court, it is very clear that

an appeal to this Supreme Court lies from the final decision or judgment of said district court." 16 P. R. R. 230.

In the *Pérez Case, supra,* the court, by Mr. Chief Justice Hernández, held that the generic term "decision" includes the specific term "judgment" and that subdivision 2 of section 295 of the Code of Civil Procedure was not repealed by the Act of March 11, 1908, governing appeals from judgments of municipal courts in civil actions. 19 P. R. R. 399.

In the *García Case, supra,* the court, by Mr. Justice Hutchison, laid down the doctrine that "statutes granting and regulating the right of appeal are recognized as remedial in their nature and should receive liberal construction," but the particular question there decided was that "an order by a municipal court overruling a motion to set aside an execution sale is appealable to the district court because it is a final judgment clearly coming within the letter and spirit of the Act of March 11, 1908, regulating appeals from judgments of municipal courts in civil actions." Two of the justices of the court dissented. 23 P. R. R. 230.

In the *Abarca Case, supra,* the court, by Mr. Chief Justice Hernández, said:

"The decision   *   *   *   comes within the definition of a judgment given in section 188, for the court thereby determined the rights of Rafael García Soriano and of the Central Vannina in the special proceeding which both parties agreed to for the purpose of settling their differences regarding the value of the sugar cane * * *. The said decision is therefore appealable under subdivision 1 of section 295."

And, lastly, in the *Labarthe Case, supra,* the court, by Mr. Justice Wolf, said:

"We had some doubt as to the right of the parties to have the decision of the district court reviewed on appeal. In the Law of Special Proceedings there is no direct provision for an appeal in a case of this kind. Here the appellants maintain that this was not a matter directly within the Law of Special Proceedings as set out

in the Session Laws of 1905, but a special proceeding before the District Court of Ponce to determine the rights of the parties. In other words, the parties, as we have seen, were entitled to relief under section 1026 of the Civil Code, which refers to the Law of Special Proceedings merely as an. aid. The proceeding under section 1026 is a special proceeding in itself. The decision in this case was in form final and settled a definite right and hence we think it was appealable under section 295 of the Code of Civil Procedure.'' 23 P. R. R. 643.

It is true that considering the importance of a decree of incapacity it seems that there should be recognized a right to resort to the Supreme Court by the ordinary means of an appeal, but it is also true that the Legislature did not lose sight. of its importance and in the same statute, notwithstanding the provision that before deciding the court should ''hear the opinion of experts and such other proofs as it may deem necessary,'' it also prescribed that the decision would not be final if the interested parties brought an ordinary action, the matter to be thereupon ventilated in an oral and public trial and the judgment terminating that action being clearly appealable under the law.

The presumption is that the district judges will act justly. Besides, the extraordinary remedies existing in our procedural system would always permit the correction of any notorious injustice or any real error that might be committed. Lastly, it must not be overlooked that in many cases of this kind a prompt and effective decision of the. matter is necessary for the best interest of all parties concerned and of society.

The appeal must be dismissed.

*Appeal dismissed.*

Justices Wolf, Aldrey, Hutchison and Franco Soto concurred.